UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HERBERT WILLOUGHBY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JASON CRIBBS; )<br>SWIFT TRANSPORTATION CO. OF )<br>ARIZONA, LLC; and THE HOME )<br>DEPOT U.S.A., INC., )<br>)<br>Defendants. )<br>) | Civil Action No.4:13-cv-01091 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW HERBERT and THERESE WILLOUGHBY, Plaintiffs, and allege as follows:

### I. PARTIES

1.1   Plaintiffs HERBERT WILLOUGHBY and THERESE WILLOUGHBY are residents and citizens of the State of Virginia. Mr. and Mrs. Willoughby bring this negligence action on behalf of themselves.

1.2   Defendant JASON CRIBBS is a resident and citizen of North Carolina and can be served with process at his residence: 6721 Sasafras Court, Sims, North Carolina 27880.

1.3   Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, (hereinafter referred to as "SWIFT TRANSPORTATION") is a Delaware corporation with its principal offices located in Phoenix, Arizona, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered



Agent for service of process, National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

1.4    Defendant THE HOME DEPOT U.S.A., INC., (hereinafter referred to as "HOME DEPOT") is a Delaware corporation with its principal offices located in Atlanta, Georgia, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered Agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1.5    Defendant, WABASH NATIONAL CORPORATION d/b/a WABASH NATIONAL TRAILER CENTERES, Inc. (hereinafter referred to as "WABASH"), is a Delaware corporation with its principal offices located in Lafayette, Indiana, and at all times material hereto was authorized and was doing business in the State of Texas. Defendant WABASH may be served with process by serving its Registered Agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## II. JURISDICTION & VENUE

2.1    The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiffs HERBERT WILLOUGHBY and THERESE WILLOUGHBY are both citizens of Virginia. Defendant JASON CRIBBS is a citizen of North Carolina. Defendant SWIFT TRANSPORTATION is a corporation incorporated under the laws of Delaware and is authorized and doing business throughout the state of Texas. Defendant HOME DEPOT is corporation incorporated under the laws of Delaware and is authorized and doing

business throughout the state of Texas. Defendant WABASH is a corporation incorporated under the laws of Delaware and is authorized and doing business in the State of Texas.

2.2    Venue is properly before this Court under 28 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim occurred in Harris County, Texas.

### III. BACKGROUND

3.1    On or about June 5, 2012, Defendant JASON CRIBBS was being mentored by Plaintiff HERBERT WILLOUGHBY. Defendant JASON CRIBBS was an employee of Defendant SWIFT TRANSPORTATION and was conducting business at one of the warehouses owned by Defendant HOME DEPOT in Harris County, Texas. The subject 18-wheeler trailer was manufactured by Defendant WABASH. Due to a defect in Defendant WABASH'S product, Plaintiff HERBERT WILLOUGHBY was unable to "slide the rails" without assistance due to a defect in Defendant WABASH'S product. This resulted in Plaintiff HERBERT WILLOUGHBY having to physically hold the pin out to adjust the trailer's rails. Defendants' conduct coupled with the existence of a defect in Defendants' product proximately caused Plaintiffs' injuries and damages as more thoroughly described herein. Therefore Plaintiffs bring suit on the following grounds.

### IV. CAUSES OF ACTION : DEFENDANT, JASON CRIBBS AND SWIFT TRANSPORTATION

4.1    Defendant JASON CRIBBS was negligent in his actions and/or omissions in operating a motor vehicle. Specifically, Defendant was negligent in, but not limited to, the following manner:

   a) Failing to stop before running over the Plaintiff;
   b) Failing to take proper evasive action;
   c) Failing to apply the appropriate brakes to the vehicle he was driving;

      d) Failing to avoid the accident;

      e) Failing to maintain a proper lookout; and

      f) Failing to operate the vehicle in a reasonably attentive manner;

4.2    Defendant's acts and/or omissions constitute a failure to use due care as described above. Defendant's failure to use care was a proximate and producing cause of Plaintiffs' injuries and damages as described more thoroughly herein. Defendant is therefore liable to Plaintiffs for personal injuries and damages sustained as a direct result of Defendant's negligence.

4.3    Defendant SWIFT TRANSPORTATION is legally responsibly to Plaintiffs for the negligent conduct of Defendant JASON CRIBBS under the legal doctrine or *respondeat superior* because Defendant JASON CRIBBS was at all times material hereto an employee of SWIFT TRANSPORTATION and was acting within the course and scope of such employment at all times relevant to this matter. As a result thereof, Defendant SWIFT TRANSPORTATION is liable for all negligence of Defendant JASON CRIBBS.

## V. CAUSE OF ACTION: DEFENDANT, SWIFT TRANSPORTATION

5.1    Defendant SWIFT TRANSPORTATION was negligent in its errors and/or omissions in maintaining the trailers operated by its employees including by not limited to the following:

      a) Defendant has a legal duty to maintain its trailers for use by its employees.

      b) Defendant failed to adequately maintain the trailer operated by Plaintiff HERBERT WILLOUGHBY and Defendant JASON CRIBBS.

      c) Defendant had actual knowledge of the problems with the above-mentioned trailer and subsequently failed to adequately repair the trailer.

    d) Defendant owed a legal duty of care to Plaintiffs and its employees concerning the maintenance of the trailer. SWIFT breached its duty of care in that the trailer's condition contributed to Plaintiffs' injuries and the Defendant knew, or should have known, of the foreseeable consequences of failing to adequately maintain the trailers.

    e) As a direct and proximate result of these known problems and failure to maintain and repair, SWIFT breached their legal duty of care owed to Plaintiffs and its employees in failing to maintain its trailer. Said breach of duty and negligence was the direct and proximate cause of the serious injuries and damages the Plaintiffs sustained.

## VI. CAUSE OF ACTION: DEFENDANT THE HOME DEPOT U.S.A., INC.

6.1    Defendant HOME DEPOT was negligent in maintaining safe working conditions. Specifically, Defendant was negligent in supervising the loading docks at its Distribution Center and keeping pedestrians out of the main lane of travel for vehicles and trucks entering the property.

6.2    Defendant owed a legal duty of care to Plaintiffs regarding the safety and procedure of its docks. Such duty included, but was not limited to ensuring the safety of those entering the facility in furtherance of Home Depot's business.

6.3    The Defendant knew, or should have known, that failing to adequately maintain a safe and secure entrance to the facility could have resulted in the Plaintiffs' injuries.

6.4    The Defendant HOME DEPOT's breach of duty and negligence was the direct and proximate cause of the serious injuries sustained by Plaintiff HERBERT WILLOUGHBY, and Plaintiffs' resulting damages.

### VII. CAUSE OF ACTION: DEFENDANT WABASH NATIONAL CORPORATION

7.1     Defendant, WABASH designed, manufactured, marketed, assembled, distributed, and sold the tractor trailer which injured plaintiffs HERBERT WILLOUGHBY and THERESE WILLOUGHBY. The tractor trailer system was sold with manufacturing, marketing and design defects, all of which rendered it unreasonably dangerous as designed considering the utility of the product and the risk involved in its use. A safer alternative design would have prevented or significantly reduced the risk of injury. The manufacturing, marketing, and design defects of the device are the result of the conduct of WABASH.

7.2     In addition to the foregoing, WABASH failed to give adequate warnings of the dangers of the defective tractor trailer, which were known or by application of reasonably developed human skill and foresight should have been known. WABASH failed to give adequate instructions to avoid such dangers. These failures rendered the product unreasonably dangerous as marketed. The failure to warn resulted in a marketing defect, which was a producing cause of the injury to Plaintiffs.

7.3     WABASH is also liable to Plaintiffs in that it represented the device to be safe, when in fact it was unsafe, defective, and unreasonably dangerous. WABASH thereby made a material representation as to the safety quality of the device in question and such representation was false.

7.4     Additionally, WABASH owed a duty to give full, fair and adequate warnings of the dangers inherent in the use and operation of the device. WABASH breached said duty, and such breach was a further producing and proximate cause of Plaintiffs' injuries and damages.

7.5     Further, Defendant WABASH knew or in the exercise of ordinary care should have known of the defective condition of the device and of the likelihood that the device could cause

serious injury to those who might use it. Despite such knowledge, WABASH permitted the device to be marketed, distributed, and/or sold. Such conduct constitutes negligence, and WABASH's negligence was a proximate cause of Plaintiffs' injuries and damages.

### VIII. GENERAL DAMAGES

8.1 As a direct and proximate result of the Defendants' negligence, Plaintiffs suffered damages allowed by law for personal injuries in an amount in excess of $75,000.

8.2 As a further result of Defendants' negligence, Plaintiff HERBERT WILLOUGHBY has suffered serious and permanent personal injuries. Plaintiff HERBERT WILLOUGHBY suffered the following damages:

   a) Medical expenses incurred in the past.
   b) Medical expenses which in all probability will be incurred in the future.
   c) Loss of past earning capacity.
   d) Loss of earning capacity which in all probability will be sustained in the future.
   e) Physical impairment in the past.
   f) Physical impairment which in all probability will be sustained in the future.
   g) Physical pain and mental anguish in the past.
   h) Physical pain and mental anguish will in all probability be sustained in the future.

7.3 Furthermore, as a result of Defendants' conduct Plaintiff THERESE WILLOUGHBY has sustained in the past, and will continue to sustain, in the loss of consortium for which Plaintiff sues in an amount in excess of the jurisdictional limits of this Court.

## IX. PUNITIVE DAMAGES

9.1     Plaintiffs incorporate herein by reference Paragraphs 1 through 8.2, inclusive, of this Complaint.

9.2     Defendants' acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiffs would show that the acts and/or omissions of Defendants were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awareness on the part of Defendants that their acts would, in reasonable probability, result in serious personal injury or death.  Defendants caused substantial personal injury to Plaintiffs and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Further, Defendants, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiffs.

8.3     Plaintiffs seek exemplary damages pursuant to Plaintiff seeks the imposition of punitive or exemplary damages from Defendants without limitation as imposed by § 41.008 of the Texas Civil Practices and Remedies Code.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests this Court issue citation to Defendants to answer, and upon a trial by jury of this matter, enter judgment against the above-named Defendants for compensatory damages in an amount in excess of $75,000, together with pre- and post- judgment interest, attorneys' fees, costs and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

FARRAR & BALL, LLP


/s/ *William R. Ogden*
Kyle W. Farrar
Texas Bar No. 24034828
Wesley Todd Ball
Texas Bar No. 24038754
William R. Ogden
Texas Bar No. 24073531
FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, Texas 77002
Phone: 713.221.8300
Fax: 713.221.8301

**Attorneys for Plaintiff**