UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERBERT WILLOUGHBY AND | § | |
| THERESE WILLOUGHBY, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-13-1091 |
| | § | |
| JASON CRIBBS, *ET AL.*, | § | |
|     *Defendants*. | § | |

## SUMMARY JUDGMENT OPINION AND ORDER

Pending before the court is defendant Home Depot's motion for summary judgment (Dkt. 25).[1] The motion is granted.

## Background

The following facts are undisputed for purposes of summary judgment unless otherwise noted. Herbert Willoughby was an independent owner-operator truck driver working for Swift Transportation Co. of Arizona. Pursuant to an agreement with Swift, Willoughby mentored a new driver employed by Swift, Jason Cribbs. On June 4, 2012, Willoughby and Cribbs arrived at the Home Depot distribution center in Houston, Texas with a trailer of goods for delivery. A security guard employed by U.S. Security, Inc., and working at the Home Depot facility stopped the truck and told Willoughby that he could not enter the

---

[1] The court granted Willoughby additional time to conduct discovery and file a supplemental response before taking the motion under consideration. Due to repeated disputes, the motion was ripe for consideration on June 1, 2015.

facility unless the trailer's tandems were adjusted.[2] Willoughby informed the security guard that the tandems were broken and he did not know if he could move them. The guard said he did not care, but that the truck and trailer could not enter the facility unless the tandems were moved.

Willoughby exited the truck and told Cribbs to get in the driver's seat. Willoughby went to the side of the trailer to work on the tandems. Upon Willoughby's signal, after looking forward to check for traffic, Cribbs pulled forward. The trailer wheel ran over Willoughby's foot causing serious bodily injury.

Willoughby asserts that Home Depot was negligent in failing to provide a safe workplace, thereby causing his injury. Home Depot contends that because Willoughby was an independent contractor, it did not owe him any duty of care, and even if it did, it did not cause his injury.

**Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir.

---

[2]  Trailer tandems are used to adjust the weight on an axle group. Sliding the tandems back shifts the weight to the truck axle, thereby lightening the weight load on the trailer. *See http://www.bigtruckguide.com/know-how-to-slide-your-tandems/*, and hhttp://www.truckingtruth.com/cdl-training-program/page113, both last visited July 21, 2015. See Dkt. 163, n.1 for an image depicting a trailer system and release handle.

2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

A summary judgment movant who bears the burden of proof on a claim must establish each element of the claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)).

If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

**Analysis**

The essential elements of a negligence cause of action are (1) a duty owed by defendant to plaintiff; and (2) injury to plaintiff proximately caused by a breach of that duty. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983).

***Duty.*** The existence of a legally cognizable duty is a prerequisite to all tort liability. *Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993). Ordinarily, an owner or general contractor

has no duty to ensure that an independent contractor performs his work in a safe manner. However, a duty arises if the owner or general contractor retains some control over the manner in which the independent contractor performs his work. *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008). In other words, "a defendant's duty is commensurate with the control it retains over the independent contractor's work." *Lee Lewis Const. Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001). The defendant's retention of control may be established by contract or from defendant's actual exercise of control. *Moritz*, 257 S.W.3d at 214. Although the existence of a duty is a question of law, determining whether a party exercised actual control may be a question of fact for the jury. *Lew Lewis Const. Inc.*, 70 S.W.3d at 783.

Willoughby alleges that Home Depot is liable to him because it exercised actual control over the manner is which he attempted to adjust the trailer tandems at the facility on the day he was injured. The facts of this case are similar to those in *Moritz*. Moritz worked for an independent contractor that delivered General Electric parts to customers. 257 S.W.3d at 213. Moritz picked up parts from a GE warehouse. Usually he would back his truck into the warehouse through a door at the top of a ramp, or simply back up to another door without a ramp. One day, both doors to the warehouse were blocked, and Moritz parked the truck on the ramp. After loading electrical conduit into the bed of his pickup truck, he secured the load with ratchet straps. He then attempted to further secure the load with a rubber bungee cord. The bungee cord broke as he was leaning back to stretch it, causing him to fall off the side of the ramp and fracture his hip, pelvis, and thumb. Moritz sued GE for negligence. There

was some evidence that GE controlled where Moritz parked his truck, because it had control over the doors being blocked. But, the Texas Supreme Court ruled that there was no evidence that GE controlled where or how Moritz could secure his load, and thus GE had no duty to Moritz. *Id.* at 214-15.

Here, there is some evidence that Home Depot controlled whether Willoughby could enter the facility without moving the tandems. While the security guard was an independent contractor, his employer testified that all training and policy regarding dockyard entry and protocol, including the policy regarding adjusting tandems, was provided by Home Depot.[3] "If a premise owner exercises control by requiring a subcontractor to comply with its safety regulations, the premise owner owes the subcontractor's employees a narrow duty of care that its safety requirements and procedures do not unreasonably increase the probability and severity of injury." *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 607 (Tex. 2002). Willoughby contends that Home Depot's requirement regarding tandems made him less safe because he was forced to attempt to adjust the tandems in the lane of traffic outside the entrance to the distribution facility. There is no evidence that Home Depot controlled where or how Willoughby adjusted the tandems; only that it prohibited him for doing it inside the facility. This level of control is analogous to that the *Moritz* court deemed insufficient to create a duty. *See Moritz*, 257 S.W.3d at 214 ("it is not enough to show that the defendant controlled one aspect of [plaintiff's] activities if his injuries arose from another."). The court concludes

---

[3] Dep. of Tammy Parish-Letteer, Dkt. 148-2.

that Willoughby cannot meet his burden to create a genuine issue of material fact as to the existence of Home Depot's duty of care.

***Proximate Cause.*** Alternatively, the second element of a negligence cause of action, proximate cause, is dispositive of this case. Proof of proximate cause has two essential elements: foreseeability and cause in fact. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex. 1980). Foreseeability means that a person of ordinary intelligence should have anticipated the danger to others by his negligent act. Cause in fact means that the act was a substantial factor in bringing about the injury and without which no injury would have occurred. *Id.* An act that triggers a series of events that leads to plaintiff's injury, but is not a substantial factor in causing it, will not give rise to liability. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471-72 (Tex. 1991). In addition, a "new and independent cause" that intervenes between defendant's negligent act and plaintiff's injury will destroy proximate causation. *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006). All of these statements of law come into play here.

There is no evidence that the location of the truck at the time of Willoughby's attempted tandem adjustment had anything to do with the accident. Willoughby told the security guard there was a problem with his tandem rails, but he did not refuse to attempt the maneuver, did not ask the security guard to seek permission for entry from a manager, did

6

not call Swift roadside assistance, did not attempt to move the truck, and did not testify that moving the truck before making the adjustment would have been impossible.[4]

The record shows that Cribbs moved into the driver's seat, looked forward to make there was no one in front of him, and upon Willoughby's signal moved forward.[5] Willoughby argues that Cribbs should not have looked forward. But there is no evidence that Cribbs would not have done the same thing if the truck was inside the facility. There is no evidence that Cribbs did not look back sooner because of a concern for traffic, or that even if he did so he would have recognized the danger in time to stop. Willoughby testified that Cribbs was supposed to stop when he saw in the mirror that the tandems were all the way back, but in this case the tandems never got that far.[6] Nonetheless, Willoughby contends if Cribbs "was paying attention he would have seen the tires on my foot."[7] But, as Willoughby acknowledges, at that point "the damage was done."[8] Willoughby further testified that when the trailer stopped moving, Cribbs should have pushed in the clutch instead of continuing to pull forward.[9] But again, there is no evidence that the location of the truck had any impact on Cribbs's failure to push in the clutch and stop the trailer before it went over Willoughby's

---

[4] Dkt. 25-3 at 34-38.

[5] Cribbs's response to Interrogatory 1 (Dkt. 30-3).

[6] Dkt. 25-3 at 37.

[7] *Id*.

[8] Dkt. 25-3 at 38.

[9] Dkt. 25-3 at 40.

foot. This entire sequence of events lasted only a matter of seconds.[10] The court concludes that Willoughby cannot meet his burden to create a genuine issue of material fact as to whether any negligence by Home Depot was the proximate cause of his injury.

**Conclusion and order**

For the reasons discussed above, Home Depot's motion for summary judgment (Dkt. 25) is granted. Herbert Willoughby's and Therese Willoughby's claims against Home Depot will be dismissed with prejudice.[11]

Signed at Houston, Texas on July 29, 2015.

Stephen Wm Smith
United States Magistrate Judge

---

[10] *See* Dkt. 25-3 at 38-39.

[11] Therese Willoughby has asserted a claim for loss of consortium damages. *See* Dkt. 75. Her loss of consortium claim is completely derivative and falls with Herbert Willoughby's negligence claim. *Brewerton v. Dalrymple*, 997 S.W.2d 212, 217 (Tex. 1999).